Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**HYDE & SWIGART**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile:  (619) 297-1022

Attorneys for Plaintiffs
JOSEPH RHOAN And MARIA RHOAN

FILED
08 JAN 11 PM 2:34
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RHOAN AND MARIA RHOAN,<br><br>Plaintiffs,<br><br>v.<br><br>PALISADES COLLECTION L.L.C. AND WOLPOFF & ABRAMSON L.L.P.,<br><br>Defendant. | Case No.: **'08 CV 0066 WQH JMA**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**JURY TRIAL DEMANDED** |

### INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter "FDCPA"), to

1 | eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.[1]

2. JOSEPH RHOAN AND MARIA RHOAN, ("Plaintiffs"), by Plaintiffs' attorneys, bring this action to challenge the actions of PALISADES COLLECTION L.L.C AND WOLPOFF & ABRAMSON L.L.P., ("Defendants"), with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff JOSEPH RHOAN, and this conduct caused Plaintiffs damages.

3. Unless otherwise indicated, these allegations are made on information and belief. Further, the use of any defendants' names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of that defendant named. All allegations are made on information and belief, except those allegations that pertain to the named Plaintiff(s), or to their attorneys, which are alleged on personal knowledge.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1367 for supplemental state law claims.

5. This action arises out of Defendants' violations of the following: the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

6. Because Defendants do business within the State of California, personal jurisdiction is established.

7. Venue is proper pursuant to 28 U.S.C. § 1391.

//

---

[1] 15 U.S.C. §§ 1692(a)-(e)

**COMPLAINT FOR DAMAGES**            **PAGE 2 OF 10**

## PARTIES

8. Plaintiffs are married and are natural persons who reside in the City of San Diego, County of San Diego, State of California.

9. Plaintiff JOSEPH RHOAN is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Plaintiffs are informed and believe, and thereon allege, that Defendant PALISDADES COLLECTION L.L.C. is a company operating from the City of Englewood Cliffs, County of Bergen, State of New Jersey. Plaintiffs are informed and believe, and thereon allege, that Defendant WOLPOFF & ABRAMSON L.L.P. is a company operating from the City of Agoura Hills, County of Los Angeles, State of California.

11. Plaintiffs are informed and believe, and thereon allege, that Defendants are people who use an instrumentality of interstate commerce or the mails in its respective business, the principal purpose of which is the collection of debts, or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiffs were individuals residing within the State of California.

13. Plaintiffs are informed and believe, and thereon allege, that at all times relevant Defendants conducted business in the State of California.

14. Sometime before May 6, 2006, Plaintiff JOSEPH RHOAN allegedly incurred financial obligations, which were for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. §1692a(5).

15. Sometime thereafter, but before May 6, 2006, Plaintiff JOSEPH RHOAN allegedly fell behind in the payments allegedly owed on the alleged debt.

//

Plaintiff JOSEPH RHOAN currently takes no position as to whether or not this alleged debt was actually owed.

16. Plaintiffs are informed and believe, and thereon allege, that subsequently, but before May 6, 2006, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

17. On or about May 6, 2006, Defendant WOLPOFF & ABRAMSON L.L.P., on behalf of Defendant PALISADES COLLECTION L.L.C., sent, and Plaintiffs received a dunning letter addressed to Plaintiffs' home and in the name of Plaintiff JOSEPH RHOAN.

18. This letter to Plaintiff, sent by Defendant, was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), a "debt collection" and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

19. On or about June 13, 2006, Defendant WOLPOFF & ABRAMSON L.L.P., on behalf of Defendant PALISADES COLLECTION L.L.C., sent, and Plaintiffs received a second dunning letter addressed to Plaintiffs' home and in the name of Plaintiff JOSEPH RHOAN.

20. This letter to Plaintiffs, sent by Defendant WOLPOFF & ABRAMSON L.L.P., a "debt collection," as that terms is defined by 15 U.S.C. § 1692a(2).

21. On or about August 8, 2006, Defendant WOLPOFF & ABRAMSON L.L.P. on behalf of Defendant PALISADES COLLECTION L.L.C., sent, and Plaintiffs received a letter addressed to Plaintiffs' home and in the name of Plaintiff JOSEPH RHOAN. The letter noticed Plaintiffs of Defendants' "inten[tion] to file litigation and incur court costs and legal fees" if Plaintiff JOSEPH RHOAN did not address the matter within ten (10) days from the date of the letter.

22. On or about August 13, 2006, Plaintiff MARIA RHOAN contacted Defendant WOLPOFF & ABRAMSON L.L.P., on behalf of her husband Plaintiff JOSEPH RHOAN, as she is responsible for paying the financial obligations of

the family. Plaintiff MARIA RHOAN spoke to "Josie Carrow" at WOLPOFF & ABRAMSON L.L.P. "Josie Carrow" told Plaintiff MARIA RHOAN that "unless she paid one thousand five hundred dollars ($1,500.00) by the next day, they would sue her." "Josie Carrow" further informed Plaintiff MARIA RHOAN that "the lawsuit had been filed, but the paperwork could be 'pulled back' if she paid."

23. This statement represented the threat to take an action that cannot legally be taken or that Defendant WOLPOFF & ABRAMSON did not intend to take, and violated 15 U.S.C. § 1692e(5).

24. Further, in Plaintiff MARIA RHOAN's communication with Defendant WOLPOFF & ABRAMSON, "Josie Carrow" led Plaintiff MARIA RHOAN to believe that "Josie Carrow" was an "attorney."

25. The communication made by "Josie Carrow", representative of Defendant WOLPOFF & ABRAMSON L.L.P, was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e, 1692e(3), and 1692e(10).

26. Plaintiff MARIA RHOAN could not afford to pay the aforementioned amount and ended the telephone call, albeit upset because she believed that Plaintiffs were being sued by Defendant WOLFPOFF & ABRAMSON L.L.P.

27. On or about August 15, 2006, Plaintiff MARIA RHOAN contacted Defendant WOLPOFF & ABRAMSON L.L.P., and spoke to "Kelly Winchester or Windsor" (hereinafter "Kelly W."). "Kelly W." told Plaintiff MARIA RHOAN that the "lawsuit has not been filed," and that if she paid seven hundred fifty dollars ($750.00), half of the previous offer by "Josie Carrow," they could arrange a Settlement Agreement.

28. The Settlement Agreement comprised of twenty-four monthly payments of two hundred fifty dollars ($250.00) electronically debited from Plaintiffs'

1  bank account at the end of each month. Per "Kelly W.," the Settlement
2  Agreement was to be mailed to Plaintiffs. "Kelly W." futher instructed
3  Plaintiff MARIA RHOAN that "any attorney" at WOLFPOFF &
4  ABRAMSON L.L.P. could assist her in the future.

5  29. On August 18, 2006, Defendant WOLPOFF & ABRAMSON L.L.P.,
6  electronically debited Plaintiffs' bank account in the amount of seven hundred
7  fifty dollars ($750.00) as agreed by Plaintiffs and "Kelly W."

8  30. On October 2, 2006, Plaintiff MARIA RHOAN made a telephone payment in
9  the amount of two hundred fifty dollars ($250.00) to Defendant WOLFPOFF
10 & ABRAMSON L.L.P.

11 31. On or around late October 2006, Plaintiff MARIA RHOAN contacted
12 Defendant WOLPOFF & ABRAMSON L.L.P. and spoke to "Hans Aguilar"
13 because Plaintiffs had not received the Settlement Agreement. "Hans
14 Aguilar" informed Plaintiffs that the Settlement Agreement would be sent out
15 immediately.

16 32. Defendant WOLPOFF & ABRAMSON L.L.P. sent a confirmation letter dated
17 October 26, 2006, to Plaintiffs containing the Settlement Agreement. Plaintiff
18 JOSEPH RHOAN promptly signed and returned the Settlement Agreement
19 via FedEx, as directed by Defendant WOLFPOFF & ABRAMSON L.L.P.
20 The confirmation letter expressly stated that prompt receipt of the Settlement
21 Agreement to Defendant WOLPOFF & ABRAMSON L.L.P., *i.e.*, within
22 fourteen (14) days from the date of the letter, would halt its litigation efforts
23 against Plaintiffs. A true and correct copy of the confirmation letter is
24 attached hereto as Exhibit A.

25 33. On October 27, 2006, Defendant WOLPOFF & ABRAMSON electronically
26 debited Plaintiffs' bank account in the amount of two hundred fifty dollars
27 ($250.00) in accordance with the terms of the Settlement Agreement.
28 //

34. Thereafter Plaintiffs continued to comply with the terms of the Settlement Agreement by ensuring Defendant WOLFPOFF & ABRAMSON L.L.P. was able to electronically debit Plaintiffs' bank account in the amount of two hundred fifty dollars ($250.00) each month. Plaintiffs made all monthly payments in accordance to the terms of the Settlement Agreement from October 2006 as evidence by Defendant WOLFPOFF & ABRAMSON L.L.P.'s "Statements of Account," dated May 1, 2007 and October 31, 2007. True and correct copies of the "Statements of Account" are attached hereto as Exhibits B and C.

35. The October 31, 2007 "Statement of Account" reflected a "FILE SUIT" fee assessed to Plaintiffs in the amount of one hundred eighty dollars ($180.00). *See* Exhibit C. Plaintiffs were confused and alarmed at this fee because they had complied with the terms of the Settlement Agreement, and were assured by "Kelly W." that no lawsuit was filed against them. The same reassurances were also set forth in the confirmation letter sent by Defendant WOLPOFF & ABRAMSON L.L.P. *Id. See* Exhibit A.

36. Defendant WOLPOFF & ABRAMSON L.L.P.'s "file suit" fee of one hundred eighty dollars ($180.00) to Plaintiffs was in violation 15 U.S.C 1692(f)(1).

37. Defendant PALISADES COLLECTION L.L.C. filed suit against Plaintiff JOSEPH RHOAN on October 15, 2007, in the Superior Court of California, San Diego County.

38. On or about November 7, 2007, Plaintiffs sought the help of "Sunny Enyoghweiho," manager of Credit Counseling Bureau, Inc., because they were uncertain of the implications of the "file suit" fee on the October 31, 2007 "Statement of Account." "Sunny Enyoghweiho" contacted Defendant WOLPOFF & ABRAMSON L.L.P. regarding the "file suit" fee, and was informed by Defendant WOLPOFF & ABRAMSON L.L.P. that it was "standard protocol" to assess the fee in case of Plaintiffs' "default," but that

there was "no lawsuit against Plaintiffs." "Sunny Enyoghweiho" then informed Plaintiffs of the conversation he had with Defendant WOLPOFF & ABRAMSON L.L.P.

39. The communication made by Defendant WOLPOFF & ABRAMSON L.L.P. to "Sunny Enyoghweiho," on behalf of Plaintiffs, was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt since Defendant WOLPOFF & ABRAMSON L.L.P. had filed the instant lawsuit against Plaintiff JOSEPH RHOAN on October 15, 2007. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10).

40. Plaintiff JOSEPH RHOAN was then served on November 19, 2007.

41. Plaintiff MARIA RHOAN contacted Defendant WOLPOFF & ABRAMSON L.L.P. regarding the lawsuit, but was "hung up" on by a representative of Defendant WOLPOFF & ABRAMSON L.L.P. Plaintiff MARIA RHOAN again attempted to contact Cross-Defendant WOLPOFF & ABRAMSON L.L.P. regarding the lawsuit, but was told that she must speak to "Juan Villanueva," the "attorney handling her case." Plaintiff MARIA RHOAN left two voicemail messages for "Juan Villanueva," but did not receive a return call. "Juan Villanueva" is not the attorney of record in Defendant PALISADES COLLECTION L.L.C's lawsuit nor is he mentioned on any of documents filed by Defendant WOLPOFF & ABRAMSON L.L.P. in support its lawsuit.

42. The communication made by Defendant WOLPOFF & ABRAMSON L.L.P. that "Juan Villanueva" is the attorney assigned to Plaintiffs' lawsuit was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. This action by Defendant WOLPOFF & ABRAMSON L.L.P. violated 15 U.S.C. § 1692e, 1692e(3), and 1692e(10).

43. Plaintiffs have been harmed as a result of Defendants' actions in filing a lawsuit when the Settlement Agreement was in effect and Plaintiffs complied

with all terms of the Settlement Agreement. Plaintiffs were also harmed in Defendant WOLPOFF & ABRAMSON L.L.P.'s deceptive assurances to Plaintiffs that no lawsuit was proceeding against them.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 ET SEQ.

44. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

46. As a result of each and every violation of the FDCPA, Plaintiffs, individually, are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually, pray that judgment be entered against each Defendant for:

### FAIR DEBT COLLECTION PRACTICES ACT

- an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) in an amount to be adduced at trial, from each Defendant;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

//

## TRIAL BY JURY

47. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

Dated: January 4, 2008

Respectfully submitted,
**HYDE & SWIGART**

By: _____
Joshua B. Swigart, Esq.
Attorney for Plaintiff

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Joseph Rhoan and Maria Rhoan, | Palisades Collection L.L.C. and Wolpoff & Abramson L.L.P. |

FILED JAN 11 2008 2:39 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY DEPUTY

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES) | San Diego | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY) | Bergen |
|---|---|---|---|

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Joshua B. Swigart (SBN 225557)<br>411 Camino Del Rio South, Ste. 301<br>San Diego, CA 92108<br>Tel: 619-233-7770 | Unknown<br><br>'08 CV 0066 WQH JMA |

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX
(For Diversity Cases Only)    FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 650 Airline Regs | SOCIAL SECURITY | |
| | | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities Exchange |
| | | | LABOR | ☐ 863 DIWC/DIWW (405(g)) | |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 875 Customer Challenge 12 USC |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prisoner Conditions | | | |

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removal from State Court   ☐ 3 Remanded from Appelate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 | DEMAND $ 75000 | Check YES only if demanded in complaint:<br>JURY DEMAND: ☒ YES ☐ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY (See Instructions): | JUDGE | | Docket Number |
|---|---|---|---|
| DATE 1/8/08 | | SIGNATURE OF ATTORNEY OF RECORD | |

ORIGINAL

```
        UNITED STATES
        DISTRICT COURT
     SOUTHERN DISTRICT OF CALIFORNIA
           SAN DIEGO DIVISION

      # 146340      - BH

      January 11, 2008
          14:31:14

         Civ Fil Non-Pris
USAO #.: 08CV0066 CIVIL FILING
Judge..: WILLIAM Q HAYES
Amount.:              $350.00 CK
Check#.: BC# 2259


     Total-> $350.00


FROM: RHOAN V. PALISADES COLLECTION
      CIVIL FILING
```