TOMIO B. NARITA (SBN 156576)
JEFFREY A. TOPOR (SBN 195545)
SIMMONDS & NARITA LLP
44 Montgomery Street, Suite 3010
San Francisco, CA 94104-4816
Telephone: (415) 283-1000
Facsimile:   (415) 352-2625
tnarita@snllp.com
jtopor@snllp.com

Attorneys for Defendants
Palisades Collection, LLC and
Wolpoff & Abramson, LLP

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RHOAN AND MARIA RHOAN,<br><br>        Plaintiffs,<br><br>vs.<br><br>PALISADES COLLECTION, L.L.C AND WOLPOFF & ABRAMSON, L.L.P.,<br><br>        Defendants. | CASE NO.  08CV0066 WQH JMA<br><br>**ANSWER TO COMPLAINT** |

Defendants PALISADES COLLECTION, LLC ("Palisades") and WOLPOFF & ABRAMSON, LLP ("W&A") (collectively, "Defendants") hereby submit the following Answer to the Complaint filed in this action by plaintiffs JOSEPH RHOAN ("Mr. Rhoan") and MARIA RHOAN ("Mrs. Rhoan") (collectively, "Plaintiffs"):

1. In answering Paragraph 1 of the Complaint, Defendants aver that the contents of the Fair Debt Collection Practices Act, 15 U.S.C §§ 1692(a)-(e) are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 1 are denied.

2. Denied.

3. Defendants aver that no response to Paragraph 3 of the Complaint is required of them.

4. In answering Paragraph 4 of the Complaint, Defendants admit that Plaintiffs allege that jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d), and that supplemental jurisdiction over Plaintiffs' state law claims arises under 28 U.S.C. § 1367. Except as herein admitted, the remaining allegations of Paragraph 5 are denied.

5. Denied.

6. In answering Paragraph 6 of the Complaint, Defendants admit that they conduct interstate business with residents of the State of California and that Plaintiffs allege that personal jurisdiction is established. Except as herein admitted, the remaining allegations of Paragraph 6 are denied.

7. In answering Paragraph 7 of the Complaint, Defendants admit that Plaintiffs allege that venue is proper pursuant to 28 U.S.C. § 1391. Except as herein admitted, the remaining allegations of Paragraph 7 are denied.

8. Defendants admit, on information and belief, the allegations of Paragraph 8 of the Complaint.

9. In answering Paragraph 9 of the Complaint, Defendants lack sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household use, and therefore can neither admit nor deny whether Mr. Rhoan qualifies as a "consumer" as defined by 15 U.S.C. § 1692a(3) and on that basis, deny the allegation. Except as herein admitted, the remaining allegations of Paragraph 9 are denied.

10. In answering Paragraph 10 of the Complaint, Defendants admit that Palisades is a New Jersey limited liability company with its principal place of business in the city of Englewood Cliffs, County Bergen, State of New Jersey and that W&A is a Maryland limited liability partnership with an office in the city of Agoura Hills, County of Los Angeles, State of California. Except as herein admitted, the remaining allegations of Paragraph 10 are denied.

11. In answering Paragraph 11 of the Complaint, Defendants admit that they have, at times, acted as a "debt collectors" as defined by 15 U.S.C. § 1692a(6). Except as herein admitted, the remaining allegations of Paragraph 11 are denied.

12. Defendants admit, on information and belief, the allegations of Paragraph 12 of the Complaint.

13. In answering Paragraph 13 of the Complaint, Defendants admit that they conduct interstate business with residents of the State of California. Except as herein admitted, the remaining allegations of Paragraph 13 are denied.

14. In answering Paragraph 14 of the Complaint, Defendants admit that Mr. Rhoan incurred a financial obligation before May 6, 2006. Defendants lack sufficient knowledge to form a belief as to whether the financial obligation at issue was incurred primarily for personal, family or household use, and therefore can neither admit nor deny whether the financial obligation at issue qualifies as a "debt" as defined by 15 U.S.C. § 1692a(5) and on that basis, Defendants deny the allegation. Except as herein admitted, the remaining allegations of Paragraph 14 are denied.

1       15.    In answering Paragraph 15 of the Complaint, Defendants admit, on
2  information and belief, that Mr. Rhoan "fell behind in the payments allegedly owed
3  on the alleged debt." Except as herein admitted, the remaining allegations of
4  Paragraph 15 are denied.
5       16.    Admitted.
6       17.    In answering Paragraph 17 of the Complaint, Defendants admit that
7  W&A sent a letter to Mr. Rhoan dated May 6, 2006, the contents of which are self-
8  explanatory. Except as herein admitted, the remaining allegations of Paragraph 17
9  are denied.
10      18.    In answering Paragraph 17 of the Complaint, Defendants admit that
11 W&A sent a letter to Mr. Rhoan dated May 6, 2006, the contents of which are self-
12 explanatory. Defendants lack sufficient knowledge to form a belief as to whether the
13 financial obligation at issue was incurred primarily for personal, family or household
14 use. For this reason, Defendants can neither admit nor deny whether the letter sent
15 by W&A qualifies as a "communication" as defined by 15 U.S.C. § 1692a(2), "debt
16 collection" nor as an "initial communication" as utilized in 15 U.S.C. § 1692g(a) and
17 on that basis, deny the allegations. Except as herein admitted, the remaining
18 allegations of Paragraph 18 are denied.
19      19.    In answering Paragraph 19 of the Complaint, Defendants admit that
20 W&A sent a letter to Mr. Rhoan dated June 13, 2006, the contents of which are self-
21 explanatory. Except as herein admitted, the remaining allegations of Paragraph 19
22 are denied.
23      20.    In answering Paragraph 20 of the Complaint, Defendants admit that
24 W&A sent a letter to Mr. Rhoan dated June 13, 2006, the contents of which are self-
25 explanatory. Defendants lack sufficient knowledge to form a belief as to whether the
26 financial obligation at issue was incurred primarily for personal, family or household
27 use and on that basis, Defendants can neither admit nor deny whether the letter sent
28

by W&A qualifies as "debt collection" as defined by 15 U.S.C. § 1692a(2).  Except as herein admitted, the remaining allegations of Paragraph 20 are denied.

21.  In answering Paragraph 21 of the Complaint, Defendants admit that W&A sent a letter to Mr. Rhoan dated August 8, 2006, the contents of which are self-explanatory.  Except as herein admitted, the remaining allegations of Paragraph 21 are denied.

22.  Denied.

23.  Denied.

24.  Denied.

25.  Denied.

26.  Denied.

27.  In answering Paragraph 27 of the Complaint, Defendants admit that W&A was contacted by telephone with regards to an attempt to settle Mr. Rhoan's financial obligation on August 17, 2006.  Defendants presently lack sufficient knowledge to form a belief as to whether the call was from Mrs. Rhoan, and on that basis, deny the allegation. Defendants admit that the W&A representative agreed to a settlement agreement as to Mr. Rhoan's financial obligation, which included an initial payment of $750.00.  Except as herein admitted, the remaining allegations of Paragraph 27 are denied.

28.  In answering Paragraph 28 of the Complaint, Defendants admit that a settlement agreement was reached with respect to Mr. Rhoan's financial obligation which included monthly payments to be made until the balance was paid. Defendants further admit that the representative of W&A stated that a settlement agreement would be mailed to Mr. Rhoan.   Except as herein admitted, the remaining allegations of Paragraph 28 are denied.

29.  In answering Paragraph 29 of the Complaint, Defendants admit that W&A accepted a payment via electronic debit from agreed upon amount of $750.00

on or about August 18, 2006. Except as herein admitted, the remaining allegations of Paragraph 29 are denied.

30. Denied.

31. In answering Paragraph 31 of the Complaint, Defendants admit that W&A was contacted in October of 2006 in order to request a copy of the settlement agreement as to Mr. Rhoan's financial obligation, and that the representative of W&A agreed to send it. Except as herein admitted, the remaining allegations of Paragraph 31 are denied.

32. In answering Paragraph 32 of the Complaint, Defendants admit that W&A sent a letter and the settlement agreement to Mr. Rhoan, the contents of which are self-explanatory. Defendants further admit that a signed copy of the settlement agreement was returned by Mr. Rhoan on or about November 20, 2006. Except as herein admitted, the remaining allegations of Paragraph 32 are denied.

33. In answering Paragraph 33 of the Complaint, Defendants admit that W&A accepted a payment via electronic debit in the amount agreed upon, $250.00, per the terms of the settlement agreement with respect to Mr. Rhoan's financial obligation on or about October 27, 2006. Except as herein admitted, the remaining allegations of Paragraph 33 are denied.

34. In answering Paragraph 34 of the Complaint, Defendants admit that Plaintiffs made payments on Mr. Rhoan's financial obligation via electronic debit pursuant to their agreement with W&A. Except as herein admitted, the remaining allegations of Paragraph 34 are denied.

35. In answering Paragraph 35 of the Complaint, Defendants admit that W&A sent Plaintiff a "statement of account" dated October 31, 2007, the contents of which are self-explanatory. Except as herein admitted, the remaining allegations of Paragraph 35 are denied.

36. Denied.

37. Admitted.

38. In answering Paragraph 38 of the Complaint, Defendants admit that W&A received notification that Credit Counseling Bureau, Inc. represented Mr. Rhoan. Defendants lack sufficient knowledge to form a belief as to whether Plaintiffs "sought the help of 'Sunny Enyoghweiho,' manager of Credit Counseling Bureau, Inc. because they were uncertain of the implications of the 'file suit' fee on the October 31, 2007 'Statement of Account'" nor whether Sunny Enyoghweiho "informed Plaintiffs" that he had any conversation with W&A, and on that basis, deny the allegations. Except as herein admitted, the remaining allegations of Paragraph 38 are denied.

39. Denied.

40. Defendants admit, on information and belief, the allegations of Paragraph 40 of the Complaint.

41. Denied.

42. Denied.

43. Denied.

44. Defendants incorporate by reference paragraphs 1 through 44 above, as if fully set forth herein.

45. Denied.

46. Denied.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE
**(Failure to State a Claim)**

The allegations of the Complaint fail to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations/Laches)

The purported claims set forth in the Complaint are barred in whole or in part by the applicable statutes of limitation and/or the equitable doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Bona Fide Error)

To the extent that any violation of law occurred, which Defendants expressly deny, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendants of procedures reasonably adapted to avoid any such error.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

The allegations in the Complaint and relief requested are on information and belief barred in whole or in part by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (No Wilful Conduct)

Defendants acted in good faith at all times in their dealings with Plaintiffs, and if any conduct by Defendants is found to be unlawful, which Defendants expressly deny, such conduct was not willful and should not give rise to liability.

## SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiffs, although under a legal obligation to do so, have failed to take reasonable steps to mitigate any alleged damages that they may have and is therefore barred from recovering damages, if any, from Defendants.

## SEVENTH AFFIRMATIVE DEFENSE
## (Waiver)

Plaintiffs have waived their rights, if any, to recover the relief they seeks in the Complaint based upon their own conduct and admissions with respect to the financial obligation at issue.

## EIGHTH AFFIRMATIVE DEFENSE
## (Good Faith)

Defendants have, at all material times with respect to Plaintiffs, acted in good faith in an effort to comply fully with all relevant federal and state laws.

## NINTH AFFIRMATIVE DEFENSE
## (Apportionment)

Without admitting that any damages exist, if damages were suffered by Plaintiffs as alleged in the Complaint, those damages were proximately caused by and contributed by persons other than Defendants. The liability, if any exists, of all Defendants and/or any responsible parties, named or unnamed, should be apportioned according to their relative degrees of fault, and the liability of these Defendants should be reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE
## (Supervening Cause)

The causes of action in the Complaint are barred, in whole or in part, to the extent that any injury or loss sustained was caused by intervening or supervening events over which Defendants had or have no control.

## ELEVENTH AFFIRMATIVE DEFENSE
## (Equitable Indemnity)

To the extent that Plaintiffs have suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## TWELFTH AFFIRMATIVE DEFENSE
## (Setoff)

To the extent that Plaintiffs have suffered any damage as a result of any alleged act or omission of Defendants, which Defendants deny, Defendants are on information and belief entitled to a setoff in the amount Mr. Rhoan owes on his unpaid account, including any recoverable interest and attorneys' fees.

## THIREENTH AFFIRMATIVE DEFENSE
## (First Amendment)

Defendants' conduct is protected under the First Amendment of the United States Constitution and the California Constitution. Plaintiffs' proposed interpretation of provisions of the FDCPA must be rejected as they would place an unreasonable restraint upon Defendants' First Amendment rights, thereby raising serious constitutional issues.

WHEREFORE, Defendants request judgment as follows:

1. That Plaintiff takes nothing by the Complaint, which should be dismissed with prejudice.
2. That Defendants recover from Plaintiffs costs according to proof.
3. That Defendants recovers attorneys' fees according to proof.

    4.   That the Court orders such other further reasonable relief as the Court may deem just and proper.

DATED: February 19, 2008        SIMMONDS & NARITA LLP
                                         TOMIO B. NARITA
                                         JEFFREY A. TOPOR

                                 By:___/Tomio B. Narita/_____
                                    Tomio B. Narita
                                    Attorneys for Defendants